**652**

trade or loss of profit. In Kinsella v. Leonard, 415 F.2d 574 (10th Cir. 1969), we observed that federal trial courts are extremely reluctant, and rightly so we add, to set aside jury verdicts fixing the amount of damages. Using the same yardstick, we too are extremely reluctant to set aside a jury's verdict fixing the amount of damages in an action of this type and we decline to do so.

Judgment affirmed.

Donald E. Taylor, pro se.

Crawford C. Martin, Atty. Gen. of Texas, Roland Daniel Green, III, Austin, Tex., for respondents appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM.

Affirmed. See Local Rule 21.[1][2]

**Donald Eugene TAYLOR, Petitioner-Appellant,**

v.

**STATE OF TEXAS, et al., Respondents-Appellees.**

No. 71-2056

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 17, 1971.

**SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellee,**

v.

**NATIONAL BANKERS LIFE INSURANCE COMPANY et al., Defendants,**

**David Hoover et al., Defendants-Appellants.**

No. 71-1962

Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Sept. 24, 1971.

* Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., et al., 431 F.2d 409, Part I (5th Cir. 1970).

1. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).

2. The contentions presented by the appellant in his habeas petition are: (1) he is entitled to credit on his sentence for time spent while on parole; and (2) he is not required to exhaust state remedies prior to filing a Federal habeas petition because Art. 11.07, Vernon's Ann. Texas Code of Criminal Procedure is unconstitutional, and therefore an inadequate and ineffective State remedy.

** See Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Robert M. Jones, Robert M. Cady, Dallas, Tex., for defendants-appellants.

Gerald E. Boltz (S. E. C., Fort Worth, Tex., Walter P. North, Associate Gen. Counsel, Securities & Exchange Comm., Jacob H. Stillman, Asst. Gen. Counsel, S. E. C., Washington, D. C., Robert F. Watson, Asst. Regional Administrator, S. E. C., Fort Worth, Tex., Philip A. Loomis, Jr., Gen. Counsel, Alan Blank, Atty., S. E. C., Washington, D. C., for plaintiff-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

---

**Homero CERVANTES,
Plaintiff-Appellee,**

v.

**Arthur G. SPICKERMAN,
Defendant-Appellant.**

**No. 71–1106.**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 28, 1971.

---

William Duncan, Kemp, Smith, White, Duncan & Hammond, El Paso, Tex., for defendant-appellant.

Ramon Ramos, Jr., El Paso, Tex., for plaintiff-appellee.

Before GEWIN, GOLDBERG, and DYER, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

---

**Ethel LEVY et al., Plaintiffs-Appellants,**

v.

**W. L. NORRED, Director of the Division of Securities for State of Florida, et al., Defendants-Appellees.**

**No. 71–2079**

**Summary Calendar.****

United States Court of Appeals,
Fifth Circuit.

Sept. 28, 1971.

---

1. See N.L.R.B. v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

** Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.